Entered on Docket
March 31, 2010

_____
Hon. Linda B. Riegle
United States Bankruptcy Judge

WILDE & ASSOCIATES
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
bk@wildelaw.com
Fax: 702 258-8787
and
MARK S. BOSCO, ESQ.
Arizona Bar No. 010167
TIFFANY & BOSCO, P.A.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 255-6000

U.S. Bank National Association, as Trustee for Credit Suisse First Boston ARMT 2005-10
10-70407

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In Re: | Bk Case No.: 09-11737-lbr |
|---|---|
| James Smith | Date: 3/22/2010<br>Time: 10:00 am |
| | Chapter 7 |
| Debtor. | |

### ORDER VACATING AUTOMATIC STAY

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Automatic Stay in the above-entitled bankruptcy proceedings is immediately vacated and extinguished for all purposes as to

1  Secured Creditor U.S. Bank National Association, as Trustee for Credit Suisse First Boston ARMT

2  2005-10, its assignees and/or successors in interest, of the subject property, generally described as 3111

3  Bel Air Drive #3-B, Las Vegas, NV 89109, and legally described as follows:

PARCEL I:

Unit Twenty (20) of AMENDED PLAT OF REGENCY TOWERS as the same is established and identified in the plan of condominium filed pursuant to the provisions of NRS 117.020 on April 12, 1972 in Book 14 of Plats, Page 37 and on August 10, 1973 in Book 16 of Plats, Page 27, in the Official Records of Clark County, Nevada ("Plan"), and amendments thereto.

PARCEL II:

An undivided .153% interest in the common areas included in the Plan.

PARCEL III:

An undivided .153% interest in the Estate of years created by that certain lease ("Lease") dated January I, 1971 between Chanin Nevada Properties, Inc., as Landlord and Regency Holding Corp., as Tenant, recorded on January 7, 1971 as Instrument No. Associates, a Nevada Limited Partnership, as Tenant, by Assignment recorded June 26, 1972 as Document No. 200999, in Official Records of Clark County, Nevada.

//
//
//
//
//
//
//
//
//
//
//

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Secured Creditor shall give Debtor at least seven business days' notice of the time, place and date of sale.

Submitted by:

**WILDE & ASSOCIATES**

By: _R. Salvat #10235_
**Gregory L. Wilde, Esq.**
Attorney for Secured Creditor

**APPROVED / DISAPPROVED**

By:_____
Randolph Goldberg
Attorney for Debtor(s)

**APPROVED / DISAPPROVED**

By:_____
Kathleen A Leavitt
Chapter 7 Trustee

In accordance with Local Rule 9021, the undersigned counsel certifies as follows (check one):
_____ The court waived the requirements of LR 9021.
_____ No parties appeared or filed written objections, and there is no trustee appointed in the case.
_____ No parties appeared or filed written objections, and the trustee is the movant.
__x__ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any trustee appointed in this case, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Debtor's counsel:
_____ approved the form of this order         _____ disapproved the form of this order
_____ waived the right to review the order and/or   __x__ failed to respond to the document
_____ appeared at the hearing, waived the right to review the order
_____ matter unopposed, did not appear at the hearing, waived the right to review the order

Trustee:
_____ approved the form of this order         _____ disapproved the form of this order
_____ waived the right to review the order and/or   __x__ failed to respond to the document

_____ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any trustee appointed in this case any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below.

Debtor's counsel:
_____ approved the form of this order         _____ disapproved the form of this order
_____ waived the right to review the order and/or   _____ failed to respond to the document
_____ appeared at the hearing, waived the right to review the order
_____ matter unopposed, did not appear at the hearing, waived the right to review the order

Trustee:
_____ approved the form of this order         _____ disapproved the form of this order
_____ waived the right to review the order and/or   _____ failed to respond to the document

_____ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objection.

Submitted by:
/s/ Gregory L. Wilde, Esq.
Gregory L. Wilde, Esq.
Attorney for Secured Creditor